

**SO ORDERED.**

**SIGNED this 03 day of March, 2006.**

                                                  ___Dale L. Somers___
                                                         Dale L. Somers
                                              **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **CLARENCE M. ALTON,** | CASE NO. O5-13729 |
| DEBTOR. | CHAPTER 7 |
| **J. MICHAEL MORRIS, Trustee,** | |
| PLAINTIFF, | |
| v. | ADV. NO. 05-5789 |
| **LOU DELGADO,** | |
| DEFENDANT. | |

**MEMORANDUM AND ORDER GRANTING THE TRUSTEE'S COMPLAINT
TO AVOID AND PRESERVE PREFERENTIAL TRANSFER**

On February 7, 2006, came on for trial the Complaint to Avoid and Preserve Preferential Transfer, filed by the Chapter 7 Trustee.[1] Plaintiff, J. Michael Morris, Trustee (hereafter Trustee) appeared in person and by Sarah Newell, Klenda, Mitchell, Austerman & Zuercher, L.L.C. Defendant, Lou Delgado (hereafter Delgado or Defendant), appeared by Peter John Orsi, II. There were no other appearances.[2] This Court has subject matter jurisdiction.[3]

The Trustee alleges that the Debtor's transfer of a perfected lien in a 1987 Porsche to Defendant, a friend of the Debtor, was preferential pursuant to 11 U.S.C.A. § 547(b),[4] such that the Trustee may avoid the transfer, recover the transfer from the transferee pursuant to § 550, and preserve the security interest for the benefit of the estate pursuant to § 551. Defendant responds that the transfer was not preferential based upon § 547(c)(3), the purchase money

---

[1] The Trustee's Complaint (Doc. 1) concerns the estate's interest in a 1987 Porsche. In addition to the Complaint, the Trustee's Motion for Immediate Sale of the Porsche (Doc. 11) was also noticed for trial. The motion sought authority to sell the Porsche free of and clear of liens and to retain the proceeds pending resolution of the adversary action. Since the Court rules in favor of the Trustee on the merits of his Complaint in this Memorandum and Order, the motion is moot. The Trustee's Motion for Contempt (Doc. 8), against Defendant for allegedly taking possession of the Porsche postpetiton after the Trustee had requested turnover, were also noticed for trial at the same time. This motion was withdrawn at the hearing.

[2] Debtor, Clarence Alton was present as a witness.

[3] A complaint to avoid a preferential transfer is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F). This Court has jurisdiction pursuant to 28 U.S.C.A. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. There is no objection to venue or jurisdiction over the parties.

[4] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.A. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

2

enabling loan exception, § 547(c)(1), the exception for contemporaneous exchanges for new value, and § 547(c)(4), the exception for transfers for subsequent new value.

The Court, having considered the evidence and heard the arguments of counsel, rules in favor of the Trustee finding that the elements of a preferential transfer are satisfied and that none of the exceptions apply. Defendant must turnover the Porsche to the Trustee.

**FINDINGS OF FACT.**

On April 5, 2005, Clarence Alton (hereafter Debtor) bought a 1987 Porsche from K S Motor Company for $2,995, plus tax and other charges. The price was paid by a trade in valued at $1,000 and a check for $2,128.69, drawn on Debtor's account, to which $2,300 supplied by Defendant had been deposited. The sales receipt states that a lien to Defendant should be shown. On the date of purchase, Debtor took accepted delivery of the Porsche. Debtor presented expert testimony that is it the custom in the industry when a vehicle is purchased and payment is by personal check, the dealer does not release the vehicle title to the buyer until at least 10 days after the sale. The expert and Defendant contend that the sale is not final until this is accomplished.

In this case, the K S Motor Company mailed the Debtor the paperwork, including the title, on about April 27, 2005. Debtor applied for a title for the Porsche on May 2, 2005. The Title and Registration Receipt, dated May 2, 2005, shows a lien in favor of Defendant. The e-title maintained by the Kansas Department of Revenue also showed the lien. Before the end of May, 2005, the Debtor determined that he could not make the extensive repairs the Porsche required and also make the loan payments. He decided to surrender the car to Defendant Delgado. Delgado took possession in late May, before June 1. A lien release dated June 1,

3

Case 05-05789    Doc# 32    Filed 03/03/06    Page 3 of 14

2005, was sent to the Kansas Department of Revenue, and a paper title showing the car owned by Debtor without a lien in favor of Defendant was issued on June 6, 2005. The assignment of to Defendant is dated June 17, 2005.

Debtor filed for relief under Chapter 7 on June 16, 2005. The Porsche was not shown as an asset because it had been transferred to Defendant. The Statement of Affairs, paragraph 10, other transfers within one year, states that a "1987 Porsche, bought from [Defendant] but can't make payments so transferred ownership back to her after a month and a half's time." The Trustee filed this preference action on November 8, 2005.

**ANALYSIS**.

The Trustee alleges that transfer of the security interest in the Porsche was preferential and not within any of the exceptions of § 547(c). Further, the Trustee asserts that because the lien transfer was preferential, the Debtor's transfer of the Porsche to the secured party before June 1, 2005, was also preferential. Defendant responds that the transfer was within the enabling loan exception, § 547(c)(3), the contemporaneous exchange exception, § 547(c)(1), and the subsequent new value exception, § 547(c)(4) and that the surrender of the Porsche in satisfaction of this lien was not preferential.

These positions require the Court to analyze this case in several steps: (1) Did the Debtor's grant of the perfected lien to the Defendant satisfy the elements of § 547(b); (2) did the transfer come within any of the exceptions relied upon by Defendant; (3) was the transfer of the Porsche to the Defendant before June 1, 2005 preferential; and (4), if so, is the Trustee entitled to recover the Porsche from the Defendant under § 550 and preserve the lien for the benefit of the estate under § 551?

4

Section 547(b), which allows a trustee to avoid certain transfers of assets, has a "dual purpose: it prevents individual creditors from dismembering the assets of the debtor in a manner that negatively impacts other creditors, and it allows all creditors to obtain a more equitable distribution of the assets of the debtor."[5] Section 547(b) applies to "any transfer of an interest of the debtor in property." Section 101(54) defines "transfer" to include "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." The definition is very broad. Disposing of property owned by the debtor and perfection of a lien in debtor's property are transfers for purposes of § 547.[6]

Under § 547, "a transfer is avoidable if it: (1) is of an interest of the debtor in property; (2) is for the benefit of a creditor; (3) is made for or on account of antecedent debt owed by the debtor before the transfer was made; (4) is made while the debtor was insolvent; (5) is made on or within ninety days before the date the bankruptcy petition was filed; and (6) allows a creditor to receive more than the creditor would otherwise be entitled to receive from the bankruptcy estate."[7]

---

[5] *Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1196 (10th Cir. 2002).

[6] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1201(6) (2005), effective in cases commenced on or after October 17, 2005, amended the definition of transfer in section 101 to expressly include "creation of a lien."

[7] *In re Ogden*, 314 F.3d at 1196.

5

Defendant does not dispute that the transfer of the security interest in the Porsche was preferential. Pursuant to § 547(e)(2)(B), the transfer of the security interest was on the date of perfection, May 2, 2005.[8] On that date, the Debtor was the owner of the Porsche, having purchased it on April 5, 2005. The security interest was perfected for the benefit of Defendant, who was a creditor. Since Defendant loaned Debtor $2300 to purchase the Porsche prior to April 5, 2005, and the transfer occurred on May 2, 2005, the transfer secured an antecedent debt. The Debtor was insolvent because Defendant does not attempt to rebut the presumption codified in § 547(f) that Debtor was insolvent on and during that 90 days immediately preceding the date of the filing of the petition. The transfer was made within 90 days before June 16, 2005, when Debtor filed under chapter 7. The perfection, if not set aside, would allow Defendant as a secured creditor to receive more that she would otherwise be entitled to receive from the bankruptcy estate, as the estate has insufficient assets to pay unsecured creditors in full.

Defendant contends that notwithstanding the satisfaction of the elements of a preference as stated in § 547(b), the transfer was not preferential because it was within the exception for enabling loans codified in § 547(c)(3). That subsection provides:

> (c) The trustee may not avoid under this section a transfer-
>                   * * *
> (3) that creates a security interest in property acquired by the debtor-
> (A) to the extent such security interest secures new value that was -

---

[8] Except as provided in § 547 (c)(3)(B), a transfer of a security interest is made for purposes of § 547 at the time the transfer takes effect between the parties if it is perfected within 10 days and if not so perfected, on the date of perfection as determined by state law. 11 U.S.C.A. § 547(e); 5 Collier on Bankruptcy ¶ 547.05[2](Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2005) (subsequent citation shall be to volume and paragraph only). Although the parties agree the transfer took effect between the Debtor and Defendant on the date of sale, April 5, 2005, the lien was not perfected until May 2, 2005, which was more than 10 days later.

6

> (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
> (ii) given by or on behalf of the secured party under such agreement;
> (iii) given to enable the debtor to acquire such property; and
> (iv) in fact used by the debtor to acquire such property; and
>
> (B) that is perfected on or before 20 days after the debtor receives possession of such property;

The purpose of the enabling loan exception is described by a commentator as follows:

> The exception protects a transfer of a security interest to secure an "enabling loan." Thus, if a security transfer is made to secure an enabling loan that, in fact, enables the debtor to acquire that collateral, the transfer is not preferential if perfected within [20] days after the debtor receives possession of such property. The preference issue arises because the loan must be made before the debtor acquires rights in the collateral (the loan is to enable debtor to acquire rights). A transfer does not occur until the debtor has rights in the collateral. Thus, in an enabling loan, the transfer is always on account of an antecedent debt. The section 547(c)(3) exception protects a transaction from preference exposure when its requirements are satisfied. [9]

The parties agree that the loan made by Defendant to Debtor was for the purpose of enabling Debtor's purchase the Porsche and the loan was used for that purpose. Nevertheless, the Trustee contends the exception is not applicable because the lien was not perfected within 20 days of the Debtor's possession of the Porsche. It is undisputed that Debtor took delivery of the car on April 5, 2005, the date of sale, and perfection occurred on May 2, 2005, more than 20 days later.

---

[9] 5 Collier ¶ 547.04[3]. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 547(C)(3) by extending the period for perfection form 20 days to 30 days after possession, and the current edition of Colliers reflects this change. The quotation above has been amended to reflect the law applicable to this case.

Defendant responds that Debtor did not have possession for purposes of the enabling loan exception until the sale was final in mid April. In support of this position, Defendant presented expert testimony about the sale of used vehicles in Wichita. That testimony established when payment for a vehicle is by personal check, as it was in this case, the dealer holds the title and other sales paperwork for 10 days to be certain that the check clears before the sale is finalized. Until that time, it is argued, delivery is made and the purchaser is given possession of the vehicle not as the owner, but on behalf of the dealer, during which time the buyer's possession is merely constructive. Under this scenario, the purchaser's true possession is delayed until the title and other sales paperwork is received.

The Court rejects the Defendant's constructive possession argument and finds the enabling loan exception is not satisfied in this case. The Porsche was delivered by the seller to the Debtor on April 5, 2005. An argument nearly identical to the one made by Defendant in this case was rejected in *In re Trott*.[10] In that case a credit union contended that possession of a vehicle did not commence until the day the purchaser received a certificate of title issued by the state, rather than on the date of delivery. The court stated:

> The Credit Union's argument . . . is based upon the Credit Union's confusion of the concepts of possession and ownership. The Credit Union submits that these concepts are essentially synonymous. The Court disagrees. Although possession is not defined within the Bankruptcy Code, in interpreting this term there is simply no reason for the Court to depart from the definition of the word possession which has gained acceptance throughout the law:
>> The detention and control, or the manual or ideal custody, of anything which may be the subject of

---

[10] *Logan v. Columbus Postal Employees Credit Union, Inc. (In re Trott)*, 91 B.R. 808 (Bankr. S.D. Ohio 1988).

8

> property, for one's use and enjoyment, either as
> owner or as the proprietor of a qualified right in it,
> and either held personally or by another who
> exercises it in one's place and name. Act or state
> of possessing. That condition of facts under which
> one can exercise power over a corporeal thing at
> his pleasure to the exclusion of all other persons.
>
> *Black's Law Dictionary* 1047 (5th ed.1979). Under the foregoing
> definition, it is readily apparent that one may exercise control or
> manual custody over property without having an ownership
> interest therein. In addition, although the precise issue before the
> Court does not appear to have been addressed in a reported
> decision, the courts applying the enabling loan exception . . .
> have, at least implicitly, interpreted the word possession in §
> 547(c)(3)(B) as meaning physical control or custody of the
> collateral, as opposed to the acquisition of a right of ownership
> therein. . . . Hence, the Credit Union's contention that the debtor
> could not have taken *possession* of the automobile until he
> acquired ownership rights therein through the issuance of a
> certificate of title must be rejected.[11]

Another court when construing the preference statute, has said, "[D]ebtor's receipt of possession of property is not synonymous with the debtor acquiring rights in the property. . . . [P]ossession literally means possession and nothing more."[12] In this case, the Debtor received possession when the Porsche was delivered to him; it was not delayed until he received the paperwork. The enabling loan exception is not satisfied because perfection on May 5, 2005, was 30 days, rather than 20 days after the Debtor received possession on April 5, 2005.

Next Defendant contends the transfer was not preferential because it was a contemporaneous exchange for new value, within the meaning of § 547(c)(1). It provides:

> (c) The Trustee may not avoid under this section a transfer -
> (1) to the extent that such transfer was

---

[11] *Id*. at 811.

[12] *In re Jeans*, 326 B.R. 722, 732 ( Bankr. W.D. Tenn. 2005).

9

(A) intended by the debtor and the creditor to or for whose benefit
such transfer was made to be a contemporaneous exchange for
new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange;

Under this exception, transfers are protected "if (1) the preference defendant extended new value to the debtor, (2) both the defendant and the debtor intended the new value and reciprocal transfer by the debtor to be contemporaneous and (3) the exchange was in fact contemporaneous."[13]

The question presented by this case is whether the contemporaneous exchange exception applies to creditors who failed to meet the 20 day perfection requirement of the enabling loan exception, discussed above. There are no Tenth Circuit decisions resolving this question, although several other circuits have held the exception is unavailable to such creditors.[14] This view has been identified as the "better rule" by a respected commentator.[15] Chief Judge Nugent, in *In re Tucker*,[16] when holding a purchase money lien on a mobile home preferential because not perfected within 20 days of the purchase, found this authority persuasive. He stated:

> While neither the Tenth Circuit nor any federal court in this
> District has ruled on this issue, this Court is persuaded by the
> rationale and outcome of the circuit court cases and commentary

---

[13] 5 Collier ¶ 547.04[1].

[14] *Wachovia Bank and Trust Co. v. Bringle (In re Holder)*, 892 F.3d 29 (4th Cir. 1989); *Union Bank & Trust Co., Erie v. Baker (In re Tressler)*, 771 F.2d 791 (3d Cir. 1985): *Gower v. Ford Motor Credit Co. (In re Davis)*, 734 F.2d 604 (11th Cir. 1984).

[15] 5 Collier ¶ 547.04[1].

[16] *Morris v. Bank of America, N.A. (In re Tucker)*, 2001WL 34674682, No. 00-12119, Adv. 00-5231 (Bankr. D. Kan. Nov. 29, 2001).

10

cited above. Section 547(c)(3) is the relevant exception in this case since it specifically applies to enabling loans and the legislative history of § 547(c)(1) suggests that it was enacted "to ensure that purchases by check would not be avoided as preferential." Also, "the main policy behind the ten-day, [now 20-day] grace period [in § 547(c)(3)] was to create a uniform perfection period for enabling loans," and if § 547 (c)(1) is read as an alternative to § 547(c)(3), then § 547(c)(3) is "virtually meaningless" and the court must examine under § 547(c)(1) every enabling loan that does not qualify for protection under § 547(c)(3). Because the Bank did not perfect its enabling lien within 20 days as required under § 547(c)(3), it cannot alternatively protect its preferential lien under the substantially contemporaneous exception of § 547(c)(1).[17]

This Court also holds that the contemporaneous exchange exception of § 547(c)(1) is not available to a purchase money lender who failed to perfect the lien within 20 days of the debtor's possession.

Finally, Defendant relies upon the new value exception, codified in § 547(c)(4). It provides:

> (c) The trustee may not avoid under this section a transfer -
> \* \* \*
> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor -
> (A) not secured by an otherwise unavoidable security interest; and
> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

---

[17] *Id*. at \*4 (*quoting Pongetti v. GMAC (In the Matter of Locklin)*, 101 F.3d 435, 443 (5th Cir. 1996)) (citations omitted).

11

This exception was intended "to remove the unfairness of allowing the trustee to void all transfers made by the debtor to a creditor during the preference period without giving any corresponding credit for subsequent advances of new value to the debtor for which the preference defendant was not paid."[18]  For example, this exception serves to protect payments made on an open account when new credit is extended after the payment.[19]  In this case, Defendant did not give Debtor any new value after the preferential transfer of the lien in the Porsche.  The exception is not applicable.

Having found that the transfer of the perfected lien in the Porsche to the Defendant on May 2, 2005, was preferential and not with an entity of the exceptions, the Court now addresses the significance of the Debtor's turnover of the Porsche to the Defendant before June 1, 2005.  Although a debtor's surrender of collateral to a secured creditor in payment of an antecedent debt within 90 days of filing for bankruptcy relief is not preferential because the creditor receives the same value as would be distributed in a Chapter 7 liquidation, a debtor's transfer of property to an unsecured creditor or of collateral to a creditor holding an unperfected lien in satisfaction of an antecedent debt is preferential.  Accordingly, if the transaction by which a creditor became secured satisfies the definition of a preference, "it follows that all subsequent payments [are] also voidable preferences."[20]  The Court finds that the Debtor's transfer of the Porsche to Defendant in satisfaction of the purchase money loan was preferential.

---

[18] 5 Collier ¶ 547.04[4][a].

[19] "The subsequent-advance exception of section 547(c)(4) is Congress's solution for running-account creditors." 5 Collier ¶ 547.04[d].

[20] *Rubin Bros. Footwear, Inc. v. Chemical Bank (In re Rubin Bros. Footwear, Inc.)*, 73 B.R. 346, 355 (D.S.D. N.Y. 1987).

For the foregoing reasons, the Court finds that the Debtor's transfer of a security interest in the Porsche and surrender of the Porsche to Defendant were preferential. The Trustee is entitled to recover the Porsche from the Defendant pursuant to § 550(a)(1). That section provides in part as follows:

> (a)... [T]o the extent that a transfer is avoided under section . . . 547. . . of this title, the trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of such property from-
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

The transfers were preferential, and Defendant Delgado is both the initial transferee of the property and that the person for whose benefit the transfers were made.

Defendant by virtue of the avoidance and duty to turnover the Porsche becomes an unsecured creditor, entitled to participate in the distribution of assets of the estate, provided a proof of claim is timely filed. The Court wishes to emphasize, as was said at trial, that neither the Defendant nor the Debtor did anything wrong. The obligation of Defendant to turn over the Porsche under the these circumstances results solely from the provisions of the Bankruptcy Code which were enacted to allow all creditors to obtain an equitable distribution of assets of the debtor. In so requiring, the Code, on occasions, such as this, may appear to be arbitrary, unfair, and punitive, but the Court is obligated to apply the law as adopted by Congress.

The Court declines to order the lien in the Porsche preserved for the benefit of the estate under § 551 for three reasons. First, the lien was released prepetition, and there was no lien on the Porsche on the date of filing which can be subject to preservation. Second, pursuant to § 541(a)(3), the estate includes any property recovered by the trustee under § 550, and the Court

has ruled the Trustee may recover the Porsche under § 550. Third, lien preservation under § 551 is automatic.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###